IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1727-N |
| | § | |
| GODWIN PAPPAS RONQUILLO, L.L.P., | § | |
| and ANDREW FREDERICK BEAZLEY, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiff Great American Insurance Co.'s ("Great American") motion for summary judgment [33], Defendant and Counter/Cross-Plaintiff Andrew Frederick Beazley's motion for summary judgment [34], and Defendant Godwin Pappas Ronquillo, L.L.P.'s ("Godwin Pappas") motion for partial summary judgment [35]. For the reasons discussed below, the Court denies Great American's motion and grants Beazley's and Godwin Pappas' motions.

## I. ORIGINS OF THESE SUMMARY JUDGMENT MOTIONS

This action involves two "claims made"[1] professional liability insurance policies issued to Godwin Pappas and effective during successive coverage periods of one year each. Great American, the first insurer, brought this action, seeking declaratory judgment that its policy does not obligate it to defend Godwin Pappas against a legal malpractice action. Beazley, an underwriter at Lloyds London ("Underwriters"), the second insurer, filed a counter-claim against Great American and a cross-claim against Godwin Pappas seeking declaratory judgment that its policy does not obligate it to defend or indemnify Godwin Pappas with respect to the legal malpractice action.

### *A. The Underlying Lawsuit(s)*

Most insurance coverage declaratory judgment lawsuits relate to an underlying lawsuit, in which a third party brings a claim against the insured. The underlying lawsuit here is a legal malpractice claim, with its own lawsuit-within-a-lawsuit, i.e., a prior lawsuit in which the defendant law firm represented the plaintiff/unhappy former client. In that case

---

[1]

> An "occurrence" policy covers the insured for acts or omissions that occur within the policy period, regardless of whether "the claim . . . is brought to the attention of the insured or made known to the insurer during the policy period." *Yancey*[ *v. Floyd West & Co.*], 755 S.W.2d [914, ] 918 [(Tex. App. – Fort Worth 1988, no pet.)]. In contrast, a "claims-made" policy covers the insured only "for claims made during the policy [period] . . . regardless of when the covered act or omission occurred." *National Union Fire Ins. Co. v. Talcott*, 931 F.2d 166, 168 n.3 (1st Cir. 1991); *see also Yancey*, 755 S.W.2d at 918.

*Matador Petrol. Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 659 n.2 (5th Cir. 1999) (last brackets in original).

Godwin Pappas represented Renato Specialty Products, Inc. and Renato S. Riccio (collectively, "Renato") in a patent infringement suit against Wood Stone Corp., Keith W. Carpenter, and Keith R. Carpenter (collectively, "Wood Stone") (the "Patent Suit"). On December 29, 2005, Wood Stone filed a motion for sanctions against Godwin Pappas seeking to recover Wood Stone's attorneys' fees incurred in defending the Patent Suit (the "Sanctions Motion"). The sanctions motion allged:

1. Godwin Pappas filed the Patent Suit without sufficient investigation

2. the Patent Suit had no basis in law or fact

3. Renato and Godwin Pappas misrepresented the exchange of information

4. the Patent Suit was dismissed 14 months after filing with no discovery

5. Godwin Pappas engaged in egregious misconduct and bad faith

The sanctions motion ultimately was dismissed, as was the Patent Suit.

On June 24, 2004, Renato filed for bankruptcy.[2] Robert Yaquinto was appointed trustee. Yaquinto obtained permission from the bankruptcy court to pursue a legal malpractice claim against Godwin Pappas and, on August 24, 2006, filed a malpractice suit against Godwin Pappas[3] (the "Malpractice Suit"). The Malpractice Suit generally alleges that Godwin Pappas's substandard representation of Renato in the Patent Suit caused Renato

---

[2]Both Renato Specialty Products, Inc. and Renato Riccio individually filed. For simplicity, the Court will treat those two filings as a single proceeding.

[3]There are other defendants in the Malpractice Suit who are not germane to this action.

to lose the Patent Suit. Some of the allegations in the Malpractice Suit match the allegations in the Sanctions Motion.

### *A. The Insurance Policies*

Great American issued a one year, $10 million claims made legal malpractice policy (the "Great American policy") to Godwin Pappas, which was effective from May 31, 2005 through May 31, 2006. Among other things, the Great American policy provides:

> Claim means any demand received by you for money or services: (a) arising out of your acts, errors or omissions in providing Professional Services . . .
>
> . . .
>
> Early Reported Incident means an act, error, or omission in providing Professional Services which is not the subject of a written demand received by you for money or services and which is reported to us in writing during the Policy Period in accordance with Section H., No. 1. (Claim or Incident Reporting Requirements) of this policy.
>
> . . .
>
> Subject to all terms and conditions of this policy, we will pay on your behalf all Damages and Claim Expenses arising out of a Claim or Early Reported Incident which you first became aware of and you report to us in writing during the Policy Period.
>
> . . .
>
> Two or more Claims arising out of the same or related act, error or omission will be treated as a single Claim and subject to the per claim Limits of Liability stated in the Declarations of the policy in effect at the time the first related Claim was reported to us.

J.A. at 7-11.

Underwriters issued a one year, $20 million claims made legal malpractice policy (the "Underwriters policy") to Godwin Pappas, which was effective from May 31, 2006 through May 31, 2007. Beazley is the lead underwriter with respect to this policy. An exclusion in the policy provides that "The coverage under this Insurance does not apply to Damages or Claims Expenses incurred with respect . . . to any Claim or circumstance which might lead to a Claim in respect of which any Assured has given notice to the insurer of any other policy in force previous to the effective date of the Policy." J.A. at 59.

The Sanctions Motion was filed during the Great American policy period, and Godwin Pappas reported it to Great American in accordance with the policy. The Malpractice Suit was filed after the Great American policy period and during the Underwriters policy period. Godwin Pappas reported the Malpractice Suit to both Great American and Underwriters. Both carriers initially denied coverage and defense; Great American later revised its position and agreed to defend Godwin Pappas under a reservation of rights.

### *B. Godwin Pappas' Claims*

These motions for summary judgment turn in part on whether the Malpractice Suit and the Sanctions Motion are "related claims" under the Great American policy. If so, the malpractice action falls within an exception in the policy that obligates Great American to extend coverage for the claim, despite the fact it was made after Great American's specified insurance coverage period. If not, the question becomes whether the Underwriters policy encompasses the claim or whether that policy's "prior notice" provision excludes it.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that a party moving for summary judgment has the burden of demonstrating that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Harbor Ins. Co. v. Trammel Crow Co.*, 854 F.2d 94, 98 (5th Cir. 1988). The Court is to accept the nonmoving party's evidence and draw all justifiable inferences in its favor when resolving factual controversies. *Anderson*, 477 U.S. at 255; *see also Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). The Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Conclusory allegations unsupported by specific evidence "are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1220 (5th Cir. 1985).

## III. MEANING OF "RELATED CLAIMS" LANGUAGE IN THE GREAT AMERICAN CLAIMS MADE POLICY

### *A. Applicable Law*

Under Texas law, general principles of contract interpretation govern the construction and interpretation of insurance policies. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003); *Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus.*,

*Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). Generally, initial contract interpretation is a matter of law for the Court to decide. *See Swift Energy*, 206 F.3d. at 491; *Nat'l Union*, 907 S.W.2d at 520. More specifically, the Court must determine an insurer's duty to defend an insured as a matter of law by comparing the pleadings to the policy terms. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004). If the Court is unable to give some provision of the policy a definite legal meaning because it is subject to more than one reasonable interpretation, the policy is ambiguous and Texas law requires the Court to strictly construe the policy against the insurer and in favor of the inured. *Performance Autoplex*, 322 F.3d at 854; *Swift Energy*, 206 F.3d at 491; *Toops v. Gulf Coast Marine Inc.*, 72 F.3d 483, 486 (5th Cir. 1996); *State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998). But, "[t]he simple fact that the parties advance conflicting interpretations of the contract does not make it ambiguous." *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 465 (Tex. 1998). The Court must construe exceptions or limitations on an insurer's liability even more stringently. *Swift Energy*, 206 F.3d at 491 (citing *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex. 1987) (holding court should accept insured's reasonable construction of an exclusionary clause even if insurer's construction seems more reasonable or seems to more accurately reflect the parties' intent)).

### *B. Applicability of "Related Claims" Language to the Actions Against Godwin Pappas*

The Court must first determine whether Malpractice Suit is a related claim to the Sanctions Motion under the terms of the Great American policy. The policy refers to "[t]wo or more Claims arising out of the same or related act, error or omission . . . ." Under Texas

law, when analyzing related claims provisions similar to the one in the Great American policy, several courts have held that claims are related when the incidents giving rise to the claims have a "logical or causal connection." *See Commercial Underwriters Ins. Co. v. Royal Surplus Lines Ins. Co.*, 345 F. Supp. 2d 652, 667 (S.D. Tex. 2004) (adopting "having a logical or causal connection" as "ordinary and generally accepted meaning" of term "related" in context of policy that did not define the term); *Columbia Cas. Co. v. CP Nat'l, Inc.*, 175 S.W.3d 339, 348 (Tex. App. – Houston [1st Dist.] 2004, no pet.) (explaining that "although a malpractice event may involve numerous independent grounds of negligence that constitute a series of acts, Texas law indicates that they can still be related").

Great American argues that the claims in this case are not related because the two actions involve different parties and theories of liability. Great Am. Br. at 22-24. But, under the Great American policy's definition of "related claims," the two claims involved in the instant motions are related. They both "aris[e] out of the same or related act[s], error[s] or omission[s]." *See* J.A. at 11 (Great Am. policy at 9). Specifically, the claims arise out of Godwin Pappas' alleged failure to conduct pre-suit investigation of Renato's claims against Wood Stone, failure to plead fraud with particularity, failure to provide evidence to support claims against Wood Stone, failure to comply with discovery, unexplained submission of contradictory materials under oath, and dismissal of state law claims in response to court-ordered discovery. *See* Compl. at 4-5; Beazley Br. at 16-17. In short, while the two claims are separate and distinct, the allegations in the malpractice action and the sanctions motion

arise from the same factual circumstances and legal representation Godwin Pappas provided to Renato in the Patent Suit.

In support of its argument that these claims are not related, Great American cites this Court's opinion in *Admiral Insurance Co. v. Briggs*, 264 F. Supp. 2d 460 (N.D. Tex. 2003). The Court held in *Admiral* that the summary judgment record failed to establish that all claims involved in that case arose out of the same "related wrongful acts" under the policy. *Id.* at 463. That holding is of no help to Great American here. First the policy language at issue is different. Second, the facts of *Admiral* are considerably different; the underlying suits there were securities fraud claims involving different representations to different people at different times. *Id.* Here, no genuine issue of material fact exists as to whether the two claims are related. As a result, under the terms of the Great American policy, the claims must be treated as a single claim.

### C. Godwin Pappas Timely Reported the Malpractice Suit

Finally, Great American argues that its policy excludes even related claims unless they are reported during the coverage period. Great Am. Br. at 7. The language of the policy does not support this conclusion. The related claim provision states:

> Two or more Claims arising out of the same or related act, error or omission will be treated as a single Claim and subject to the per claim Limits of Liability stated in the Declarations of the policy in effect at the time the first related Claim was reported to us.

It makes no sense to say that the two claims "will be treated as a single Claim and subject to the per claim Limits of Liability . . . in effect at the time the first related claim was reported to us" if the second related claim is not covered. The plain language of the related claim

ORDER – PAGE 9

provision requires that a second, related claim be covered as if it were reported at the same time of the first related claim. Here, that means the Malpractice Suit is treated as if it were reported at the same time as the Sanctions Motion.

This result is consistent with the fact that the Great American policy covers "early reported incidents" that ripen into claims outside the policy period. If claims are related within the meaning of the related claims provision, then reporting the first claim would, of necessity, constitute an early reported incident with respect to the second claim. Although Godwin Pappas does not directly argue that it is entitled to coverage under the early reported incident provision, the operation of that provision suggests that the Court's construction of the related claims provision is correct.

### D. The Underwriters Policy

Having determined that under the terms of the Great American policy, Godwin Pappas gave timely notice of the Malpractice Suit, coverage is necessarily foreclosed under the Underwriters Policy's prior notice provision. In light of the Court's disposition of this issue, the Court need not address Beazley's additional grounds for dismissal.

### CONCLUSION

Because the Malpractice Suit at issue in this case is a claim that is related to the earlier Sanctions Motion, no genuine issue of fact exists as to Great American's obligation to defend Godwin Pappas against the malpractice action according to the terms of the Great American policy. As a result, the Court denies Great American's motion for summary judgment and

grants Beazley's motion for summary judgment and Godwin Pappas' motion for partial summary judgment.

Signed January 12, 2009.

_____
David C. Godbey
United States District Judge